UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. COLLINS,

    Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, et al.,

    Defendants.

CASE NO. C11-5594BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Department of Labor and Industries ("the Department") and David A. Iverson's ("Iverson") (collectively, "Defendants") motion for summary judgment (Dkt. 31) seeking dismissal of all of Plaintiff Michael J. Collins' ("Collins") claims alleged in his complaint. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 3, 2011, Collins filed his complaint (Dkt. 1), addendum to complaint (Dkt. 1-2), and motion for leave to proceed in forma pauperis (Dkt. 1-3), which was

ORDER - 1

granted by the Court on August 11, 2011 (Dkt. 2). On December 8, 2011, Defendants filed their motion for summary judgment. Dkt. 15. On December 12, 2011, Collins responded. Dkt. 21. On December 19, 2011, Collins filed a memorandum and addendum to his response. Dkt. 22. On December 30, 2011, Defendants replied. Dkt. 28. On January 17, 2012, Defendants surreplied. Dkt. 31. The Court notes that Collins filed two untimely responses to Defendants' reply (Dkts. 29 & 30) which will not be considered by the Court. However, the Court notes that even if such responses were considered, the arguments contained therein would not change the Court's analysis of Defendants' motion.

In his complaint, Collins alleges that Defendants violated his Fourteenth Amendment right to due process when they denied his workers' compensation claim. He brings a claim for damages under 42 U.S.C. § 1983 and a claim under RCW § 4.92.090. Dkt. 1-1 at 1, 13. It is undisputed that Collins suffered an industrial injury on January 18, 1993, while working for his employer, AROK Construction. Dkt. 18 at 1. Collins filed a claim for benefits on January 27, 1993, which the Department accepted on April 8, 1993, granting Collins medical aid and compensation. *Id.* In April of 1995, the Department closed the claim, and Collins sought to reopen the claim in January of 2006. *Id.* at 1-2. The request was denied, and Collins appealed to the Board of Industrial Insurance Appeals ("the Board"). *Id.* at 2. On June 11, 2007, the Board issued an order finding that the Department's order was not final and binding because it had not been properly communicated to Collins. *Id.*

On August 3, 2007, the Department issued a new closing order based on the medical evidence in the Department's file. *Id.* Collins appealed the closure. *Id.* The Board prevailed on appeal and continued to prevail at Pierce County Superior Court and the Washington State Court of Appeals. The Washington Supreme Court denied review. *Collins v. State, Dept. of Labor & Industries*, 167 Wn.2d 1019 (2010). Collins then brought suit in this Court, but the case was dismissed for lack of subject matter jurisdiction. *Collins v. WA Dep't. of Labor and Indus.*, C10-5011RBL (W.D. Wash., April 5, 2010). The Court of Appeals for the Ninth Circuit upheld the dismissal and the United States Supreme Court denied certiorari. Case No. 1-35572, *cert. denied Collins v. WA Dept. of Labor and Industries*, 131 S.Ct. 837 (Mem) (2010).

On June 29, 2010, Collins applied to reopen his claim, but the Department denied the application to reopen on September 8, 2010, based on the medical evidence it had on file. Dkt. 18 at 2. Collins appealed this order and then voluntarily dismissed his appeal on May 10, 2011. *Id.* Following this, Collins petitioned the Pierce County Superior Court for a writ of mandamus, which was denied on July 15, 2011. *Id*. Collins is now suing the Department and Iverson through this action before the Court. Dkt. 1.

## II.   DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on Anderson, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion for Summary Judgment**

Defendants seek summary judgment on all of Collins' claims against them based on seven different arguments. Dkt. 15. Defendants first argue that because of sovereign immunity, and the fact that the Department and Iverson, acting in his official capacity, are not persons under 42 U.S.C. § 1983, they cannot be sued. Dkt. 15 at 1. Additionally, Defendants argue that Iverson, in his individual capacity, is entitled to qualified immunity. *Id*. at 2. Defendants then argue that Collins is unable to establish a § 1983 claim and that his tort claims are defective under RCW 4.92.090. *Id*. at 2. Defendants also argue that Collins' claims are barred by the statute of limitations, res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine. *Id*.

In his response to the motion, Collins fails to address the Defendants' RCW and § 1983 based arguments, other than to say that he can establish a valid claim under the law, that "this fact has been well established in Plaintiff's Brief" (Dkt. 21 at 1), and thus "unnecessary repetition is not required." *Id*. In response to Defendants' statute of limitations argument, Collins contends that the continuing violation doctrine applies. Thus, Collins argues that time did not begin to accrue against his claim until 2010, when the Department denied his petition to reopen his claim, rather than the 2007 date when the claim was closed. Dkt. 21 at 3.  Collins states that Iverson "is named in the title of this action as a matter of formality, and is appropriate," but never explains how. Dkt. 21 at 2. Similarly, Collins contends that he is able to overcome the barriers of Defendants' sovereign immunity, and Iverson's qualified immunity, but never explains how he is able to do so. Dkt. 21 at 7. Collins also states that res judicata, collateral estoppel, and the

1 *Rooker-Feldman* doctrine do not apply, and that "this is an independent complaint that no
2 state court process has considered," but does not explain how the instant case differs
3 substantively from the numerous actions he has already brought before the state and
4 federal courts. Dkt. 21 at 10.

5 **C.     Statute of Limitations**

6           The Court concludes that the continuing violation doctrine does not apply to
7 Collins' dispute with the Department and his claims are therefore barred by the
8 applicable three-year statute of limitations.

9           Statutes of limitation "are intended to keep stale claims out of the courts." *Silver*
10 *State Fair Housing Council, Inc. v. ERGS, Inc.*, 362 F. Supp. 2d 1218 (D. Nev. 2005)
11 (quoting *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380, 102 S. Ct. 1114 (1982)).
12 "[A] statute of limitations begins to run upon the accrual of a cause of action regardless
13 of [a] plaintiff's knowlege of the right to sue." *O'Neil v. Estate of Murtha*, 89 Wn. App.
14 67, 73 (1997). The Court determines a limitations period for a claim under 42 U.S.C. §
15 1983 by applying the forum state's statute of limitations for personal injury claims. *See,*
16 *e.g., Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) (citing *Wilson v.*
17 *Garcia*, 471 U.S. 261 (1985)). The statute of limitations on a personal injury claim in
18 Washington is three years. RCW § 4.16.080(2). Plaintiffs' pendant claims are also subject
19 to a three-year statute of limitations. RCW § 4.16.080(2).

20          Collins argues that this action is timely under the continuing violation doctrine.
21 The doctrine extends the accrual of a claim if a continuing system of discrimination
22 violates an individual's rights "up to a point in time that falls within the applicable

limitations period." *Williams v. Owens-Illinois, Inc.,* 665 F.2d 918, 924 (9th Cir. 1982). The court has recognized two methods by which a plaintiff may establish a continuing violation, thus making the doctrine applicable. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997).

First, the plaintiff may establish a serial violation, by demonstrating that he or she was subjected to a series of sufficiently related acts of discrimination, and at least one such act occurred within the appropriate time period. *Morgan v. Nat'l RR Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000). In one case, the court permitted the plaintiff to introduce acts of discrimination by his employer, even though they occurred outside of the statute of limitations period, because they were sufficiently related to later, timely, incidents of discrimination. *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990).

Second, a plaintiff may show a "systematic policy or practice of discrimination that operated, in part, within the limitations period—a systemic violation." *Morgan*, 232 F.3d at 1015-16. For example, the doctrine would apply to the claims of a plaintiff who alleges "widespread policy and practices of discrimination" that occurred over an extended period of time, some of which falls within the limitations period. *Gutowsky*, 108 F.3d at 260.

Collins has failed to establish a series of sufficiently related discriminatory acts to make the continuing violation doctrine applicable. The incidents Collins discusses in his response to the motion are discrete and separate steps in the adjudicative process of Collins' benefits claim. Dkt. 21 at 12. Further, Collins alleges that Defendants engaged in an "organized scheme" to close his benefits claim, but he has failed to provide any

1  evidence of the "scheme" beyond this bare assertion. *Id.* at 5. Instead, Collins makes

2  unsupported references to an "ongoing policy of oppression" whereby the Defendants,

3  "for a mutual … financial gain," manufacture evidence to justify the closure of benefits

4  claims by "controlling [I]ndependant [M]edical [E]xamination results." Dkt 21 at 4.  Bare

5  assertions are not enough, and by failing to present any evidence to suggest the existence

6  of such a policy, Collins has failed to establish that the continuing violation doctrine

7  should apply. In the absence of any evidence beyond the allegations contained in his

8  pleadings, the Court concludes that the continuing violation doctrine does not apply to

9  Collins' claims.

10      Because Collins' claims arise out of an incident that occurred on August 3, 2007,

11  under Washington law, Collins had three years to commence his lawsuit to prevent his

12  claims from being time barred by the statute of limitations. *See Owens v. Okure*, 488

13  U.S. 235, 247-48 (stating that § 1983 claims brought in a state with more than one statute

14  of limitation is governed by the state's "residual" or "general personal injury" statute of

15  limitations); *see also*  RCW §§ 4.16.005 & 4.16.080(2) (stating that the statute of

16  limitations for personal injury claims is three years).  Under *Owens,* the three-year limit

17  applies to Collins' § 1983 claim as well as his RCW claim. Accordingly, Collins had

18  until August 2010 to initiate any claim he wished to pursue related to his benefits claim

19  and the way in which it was closed.  Accordingly, Collins' claims are dismissed as time-

20  barred.

21

22

**D.** *Rooker-Feldman* **Doctrine**

Even if Collins' claims were not barred by the statute of limitations, the *Rooker-Feldman* doctrine precludes this Court from entertaining his claims, as they are inextricably intertwined with the state court's decision.

The *Rooker-Feldman* doctrine is an established jurisdictional principle prohibiting federal courts from exercising appellate review over final state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). The doctrine applies when federal plaintiffs seek relief from a state court judgment on the basis of an erroneous decision by the state court or where claims raised in the federal action are inextricably intertwined with the state court decision such that adjudication in federal court would undermine the state court ruling or require interpretation of state laws or procedural rules. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008). "Where federal relief can only be predicated on a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). If a litigant did not argue a claim in state court, the federal court may not consider the claim if it is inextricably intertwined with a state court claim. *Feldman*, 460 U.S. at 483. "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules," the federal action is considered to be a *de*

*facto* appeal barred by the *Rooker-Feldman* doctrine. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003).

Despite Collins' protests to the contrary (Dkt. 1 at 6), the claims he brings in the instant action are inextricably intertwined with the state court's decision. Though he alleges a violation of his Fourteenth Amendment due process rights, in substance, his claims are based on alleged improper administrative decisions resulting in the 2007 closure of his benefits claim. Dkt. 1-1 at 6. Collins is essentially asking the Court to rule on the legality of the Department's procedures, and to review the state court's decision regarding his dispute with the Department.  Specifically, Collins' alleges that the Department and Iverson are conspirers of an "organized scheme" to improperly close Collins' benefits claim by "intentionally conducting a Hired IME [Independent Medical Examination]." Dkt. 21 at 5. That is, Collins argues in his response to the motion that the medical examination he underwent as part of the Department's assessment of his claim was nothing more than part of an elaborate plan Defendants concocted to justify illegally closing Collins' claim. Dkt. 1-1 at 6.. Without commenting on the merit of this argument, the Court concludes that it is prohibited from entertaining the claim, as the relief Collins seeks would essentially require the Court to review the state court's decision, in violation of the *Rooker-Feldman* doctrine.

**E.     Conclusion**

Because the Court has concluded that Collins' claims must be dismissed on statute of limitations grounds and under the *Rooker-Feldman* doctrine, the court need not address any additional grounds for dismissal.

1

### III. ORDER

2   Therefore, the Court hereby **ORDERS** that Defendants' motion for summary

3 judgment (Dkt. 31) is **GRANTED** and Collins' claims alleged against Defendants in his

4 complaint are **DISMISSED with prejudice**.

5   Dated this 27th day of March, 2012.

6

7

8   BENJAMIN H. SETTLE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22